UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI HALLENBERG and BRANDON WALKER,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK WALKER, et al.,<br><br>Defendants. | Case No. 1:24-cv-01486-JLT-BAM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM LATE FILING DUE TO EXCUSABLE NEGLECT<br><br>(Doc. 8) |

Currently before the Court Plaintiffs Heidi Hallenberg and Brandon Walker's Motion for Relief from late Filing Due to Excusable Neglect. (Doc. 8.)

On January 6, 2025, Defendant Darrick Walker filed a Motion to Transfer under 28 U.S.C. § 1404(a). (Doc. 5.) Pursuant to Local Rule 230(c), Plaintiffs' opposition was due no later than January 21, 2025. L.R. 230(c).

On January 23, 2025, Plaintiffs filed the instant motion seeking relief from the late filing of their opposition due to excusable neglect. (Doc. 8 at 1-2.) In explaining the delay, Plaintiffs state that, due to a calendaring mistake, the deadline was inadvertently miscalculated. (*Id.* at 2.) Plaintiffs' counsel discovered the error on January 23, 2025, and took immediate steps to finalize and file the opposition. Plaintiffs' counsel also immediately contacted defense counsel and sought a stipulation to correct the error. Defense counsel reportedly indicated that there was no objection to the relief sought "so long as Defendant is afforded an additional two days on reply—

1

which Plaintiffs consent and agree to." (*Id.*)  Plaintiffs filed their opposition brief on January 23, 2025, concurrent with the motion for relief.  (Doc. 7.)

Federal Rule of Civil Procedure 6(b)(1) provides that when an act must be done within a specified time, the "court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  To assess whether neglect is excusable, courts must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The Court finds no factors weighing against the requested relief.   In this instance, there is no showing of bad faith or prejudice to Defendant Walker in allowing Plaintiffs to file a late opposition.  The length of the delay is minimal and will not have a substantive impact on judicial proceedings.  Further, Defendant Walker's deadline for any reply brief is calculated based on the opposition filing date and, by agreement of the parties, extended an additional two days.  L.R. 230(d).

Accordingly, Plaintiffs' motion for relief from late filing (Doc. 8) is GRANTED.  Plaintiffs' opposition brief, filed concurrently with the motion for relief (Doc. 7), will be considered timely filed.

IT IS SO ORDERED.

   Dated:  **January 30, 2025**               /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE